On motion to dismiss decided Oct. 18, 1910. On the merits argued September 26, decided October 10, 1911.

## PRICE *v.* WARNER.

[111 Pac. 49: 118 Pac. 173.]

APPEAL AND ERROR—FILLING OF PRINTED ABSTRACT—STIPULATIONS.

1. Where, by stipulation of the parties, the filing of the printed abstract within 20 days after the filing of the transcript, as required by Supreme Court rule 4, 50 Or. 571 (91 Pac. viii), is dispensed with, so that appellant may file his abstract with his brief, rule 6, 50 Or. 572 (91 Pac. viii), requiring the filing of the brief within 20 days after the filing of the abstract, does not apply; and the act of appellant, acting in good faith, in filing his abstract, with his brief, 31 days after the filing of the transcript and before any question is raised as to any delay, does not justify a dismissal of the appeal, though the proper practice requires appellant to apply to the court for an order dispensing with the filing of the abstract.

APPEAL AND ERROR—MOTION TO DISMISS APPEAL—TIME TO FILE.

2. Under Supreme Court rule 20, as amended October 15, 1909, requiring the filing of motions to dismiss appeals within 10 days after

knowledge of the failure of the adverse party to comply with the rules, an appeal will not be dismissed for the failure of appellant to serve and file a brief or abstract, where the motion to dismiss was not filed until 12 days after the time for serving and filing had expired.

BILLS AND NOTES—PRESENTMENT—NOTICE OF DISHONOR—"MAY."

3. Section 5929, L. O. L., provides that the notice of dishonor of a note may be in writng or oral, and Section 5936, requires such notice, where the person giving and the person to receive, reside in the same place, to be sent the day following dishonor, while Section 5946 provides that delay in giving notice is excused when caused by circumstances beyond the control of the holder. *Held,* that the word "may" in the first section should be construed as "must," and that the person giving the notice must give it in writing or orally, and hence the impossibility of giving oral notice does not under the last section excuse delay; notice by mail being practicable.

Decided October 18, 1910.

## ON MOTION TO DISMISS.

[111 Pac. 49.]

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE KING.

On June 25, 1910, the parties to this proceeding entered into a stipulation whereby it was agreed that respondents should waive publication of the abstract required by rule 4 of this court, 50 Or. 571 (91 Pac. viii), and that appellant might publish such abstract with his first brief. Rule 6, 50 Or. 572 (91 Pac. viii) provides that within 20 days after the service of the abstract referred to in rule 4, the appellant shall serve upon the attorney for respondent, and file with the clerk, his first brief. It also provides that a failure to comply with this rule shall be deemed cause for dismissal of the appeal. Appellant filed his brief containing the abstract on the 25th day of July, 1910, being 31 days after the filing of the transcript. Respondents move to dismiss, on the theory that the brief should have been filed within 20 days after the filing of his transcript. DENIED.

*Mr. Walter E. Keyes* and *Mr. Samuel T. Richardson* for the motion.

*Mr. John H. McNary, Mr. Charles L. McNary* and *Mr. Walter C. Winslow, contra.*

MR. JUSTICE KING delivered the opinion of the court.

1. By waiving the filing of a printed abstract, as required by rule 4, the parties have presented a contingency not provided for in such rule. Rule 6 requires the brief to be filed within 20 days after the filing of the abstract. Where, by stipulation, the filing of a separate abstract is dispensed with, it is manifest that rule 6 cannot apply. Since an abstract is intended for the use of the court, as well as by the attorneys, the proper practice is for appellant to apply to the court for an order dispensing with the filing of the abstract; but as appellant manifestly acting in good faith, filed one with his brief, but 31 days after the filing of the transcript, and before any question was raised regarding the delay, the court will refuse to dismiss the appeal, notwithstanding there is a technical disregard of rule 4.

2. Again the motion to dismiss this appeal was not filed until July 26, 1910, 32 days after the filing of the transcript, and 12 days after the time for filing the abstract had expired. Rule 20, as amended October 15, 1909, requires all motions to dismiss to be filed within 10 days after the failure of an adverse party to comply with the rules shall have come to the knowledge of the moving party, and provides that a failure to file within such time shall be deemed a waiver of all defects except matters of jurisdiction. The failure of the appellant to serve a brief or abstract upon respondant was one which must necessarily have come to his knowledge 20 days after the transcript was filed.

Under any view, therefore, the motion to dismiss comes too late, and must be denied.

MOTION TO DISMISS DENIED.

Decided October 10, 1911.

ON THE MERITS.

[118 Pac. 173.]

Statement by MR. JUSTICE MCBRIDE.

This is an action by J. L. Price against A. L. Warner, A. L. Clearwater and S. A. Jefferson. The facts are as follows:

Defendant Clearwater was the indorser of a promissory note executed by Albert Warner. It was duly presented for payment and dishonored. The note was payable in Salem, where defendant resided. The person giving the notice of dishonor also resided in Salem. The day subsequent to the presentation of the note for payment, plaintiff's agent called at defendant's place of business for the purpose of giving him notice of the dishonor of the note, and found that he was temporarily absent from the city. He repeated his visits for four or five days, and on each day found him still absent. Afterwards he saw him and gave him notice. Section 5929, L. O. L., is as follows:

"The notice may be in writing, or merely oral, and may be giving in any terms which sufficiently identify the instrument and indicate that it has been dishonored by nonacceptance or nonpayment. It may in all cases be given by delivering it personally or through the mails."

Section 5936, reads:

"Where the person giving and the person to receive notice reside in the same place, notice must be given within the following times: (1) If given at the place of business of the person to receive notice, it must be given before the close of business hours on the day following; (2) if given at his residence, it must be given before the usual hours of rest on the day following; (3) if sent by mail, it must be deposited in the post-office in time to reach him in usual course on the day following."

Section 5946 reads:

"Delay in giving notice of dishonor is excused when the delay is caused by circumstances beyond the control of the holder and not imputable to his default, misconduct or negligence. When the cause of delay ceases to operate, notice must be given with reasonable diligence."

At the conclusion of plaintiff's testimony, the court, on motion of defendant, granted a nonsuit, and plaintiff appeals.                                   Affirmed.

For appellant there was a brief over the names of *Mr. John H. McNary, Mr. Charles L. McNary* and *Mr. Walter C. Winslow,* with an oral argument by *Mr. Charles L. McNary.*

For respondent there was a brief with oral arguments by *Mr. Walter E. Keyes* and *Mr. Samuel T. Richardson.*

Mr. Justice McBride delivered the opinion of the court.

3. Taken in connection with the other sections of the statute quoted above, the word "may" in Section 5929 should be construed to mean "must." The conjunction "or" indicates the alternative and is equivalent to "neither" as if to say, "either one thing or another thing" must be done. *Sheppard* v. *City of New Orleans,* 51 La. Ann. 847 (25 South 542). Plaintiff was required by Section 5936, L. O. L., to give notice the day following the dishonor of the note, either by mail or personally, unless the delay were excused by the contingency mentioned in Section 5946. The law does not excuse a delay caused by the impossibility of giving notice in a particular manner, but only excuses a delay caused by the impracticability of giving notice at all.

In this case a notice sent through the mail would have fulfilled every demand of the statute. The plaintiff asks that the delay be excused not because circumstances beyond his control rendered it impracticable to give

notice sooner, but because he was unable to give it sooner in the manner attempted.

The judgment of the circuit court is affirmed.

.AFFIRMED.